UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Christensen Forest Products, Inc.,

Plaintiffs,

v.

Potlatch Corporation,

Defendant.

Civil No. 02-753 (DWF/RLE)

**ORDER AND MEMORANDUM**

---

Michael T. Milligan, Esq., and Heidi N. Wolf, Esq., Quinlivan & Hughes, P.O. Box 1008, St. Cloud, MN 56302, counsel for Plaintiff.

Frank B. Yetka, Esq., Rudy Prevost Gassert & Yetka, 123 Avenue C, Cloquet, MN, counsel for Defendant.

---

The above-entitled matter is before the undersigned United States District Court Judge pursuant to Defendant's request for permission to file a Motion to Reconsider this Court's June 10, 2003, Order granting Plaintiff's Motion to Strike.

The Court has reviewed Defendant's request, Plaintiff's response to that request, and all of the records and proceedings herein. Based upon that review, the Court hereby enters the following:

**ORDER**

1. Defendant's request for permission to file a Motion to Reconsider is **DENIED.**

Dated: July 11, 2003

DONOVAN W. FRANK
Judge of United States District Court

JUL 1 1 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**MEMORANDUM**

The Court has understood from the outset that the particular document which was the subject of Plaintiff's Motion to Strike is the signed copy of the purchase order submitted by the Defendant in conjunction with its Motion for Summary Judgment. In both their written briefs and their oral arguments, the parties gave the impression that this signed purchase order was somehow stored on and reproduced from the encrypted computer files which were the subject of so much discussion. Indeed, the Court is perplexed why both parties spent such a great deal of time describing the process of recovering the encrypted computer files and debating whether Defendant was aware of the existence of those files before the close of discovery if the signed purchase order at issue in the Motion to Strike was not somehow related to those files.

Be that as it may, the Court's conclusion–that Defendant knew or should have known about the existence of the purchase orders before the close of discovery, yet made no request to extend the discovery period–remains the same. Defendant asserts that Plaintiff, who is also a signatory to the purchase order, knew of the existence of the signed purchase order yet did not produce it during discovery and is not now prejudiced by its late discovery. However, the very logic that Defendant employs to explain why Plaintiff is not prejudiced can be used to explain why Defendant had an obligation to seek an extension of the discovery period: if being a signatory to a document necessarily puts you on constructive notice of its existence, then Defendant, too, was aware of the document's existence and should have requested further time to locate it.

Ultimately, whether the document at issue was on an encrypted computer file or in the back of filing cabinet is irrelevant. The document was produced late without any legitimate justification for the delay.

D.W.F.