**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Christensen Forest Products, Inc., Civil No. 02-753 (DWF/RLE)

Plaintiff,

v. **ORDER**

Potlatch Corporation,

Defendant.

---

Michael T. Milligan, Esq., and Heidi N. Wolf, Esq., Quinlivan & Hughes, P.O. Box 1008, St. Cloud, MN 56302, counsel for Plaintiff.

Frank B. Yetka, Esq., Rudy Gassert Yetka & Pritchett, P.A., 123 Avenue C, Cloquet, MN 55720, counsel for Defendant.

---

This matter is before the Court upon Plaintiff Christensen Forest Products, Inc.'s ("Plaintiff") motion, pursuant to Local Rule 7.1 of the Local Rules for the United States District Court - District of Minnesota, requesting leave to bring a motion for reconsideration with regard to the Court's Order of January 21, 2004. Specifically, Plaintiff requests reconsideration of the Court's determination that Plaintiff's inventory designated for Defendant Potlatch Corporation ("Defendant") as of the end of December 2000 was 3.9 million board feet. Defendant opposes Plaintiff's request for leave to bring a motion for reconsideration.

Based upon the presentations of the parties, including the submissions of both Plaintiff and Defendant; the Court having evaluated and reviewed the Findings of Fact, Conclusions of Law, and Order for Judgment filed on January 21, 2004; and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

FEB 12 2004
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**ORDER**

1. Plaintiff Christensen Forest Products, Inc.'s request to file a motion for reconsideration (Doc. No. 56) is respectfully **DENIED.**

Dated: February 12, 2004

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

A motion to reconsider under Local Rule 7.1(g) is the "functional equivalent" of a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). Requests to file such motions are granted "only upon a showing of compelling circumstances." D. Minn. LR 7.1(g); *Transclean Corp. v. Bridgewood Services, Inc.*, 134 F. Supp. 2d 1049 (D. Minn. 2001). A motion to reconsider should not be employed to relitigate old issues, but to "afford an opportunity for relief in extraordinary circumstances." *Dale and Selby Superette & Deli v. United States Dept. of Agriculture*, 838 F. Supp. 1346 (D. Minn. 1993).

The Court has reviewed the record in this matter in the context of the Court's decision filed on January 21, 2004. The Court finds and concludes that the Plaintiff has not shown the compelling circumstances necessary to justify its request. The focus of Plaintiff's request relates to the amount of inventory Plaintiff had on hand, designated for Defendant, as of the end of December 2000. The Court stands by its decision of January 21, 2004, that at the end of December 2000, Plaintiff had an inventory of 3.9 million board feet. Even if the Court ultimately could be persuaded that the total inventory of Plaintiff in December 2000 was 4,589,213 board

feet, another issue that Plaintiff did not address in its request for reconsideration would, in substantial part, render this issue moot. Aside from the lack of exactitude with which any inventory was estimated at trial, Defendant strenuously asserted throughout the trial that 3.9 million board feet was commercially unreasonable. Even if Plaintiff could somehow establish or otherwise persuade the Court that at least 4.5 million board feet was designated for Potlatch as of December 2000, that inventory would be deemed commercially unreasonable by the Court as a matter of law. This result is the same whether the matter is before the Court pursuant to Rule 7.1 or Rule 52 or 59 of the Federal Rules of Civil Procedure.

For these reasons, the Court concludes that Plaintiff has not shown compelling or extraordinary circumstances, as required by Local Rule 7.1(g), to merit reconsideration. Therefore, the Court respectfully denies Plaintiff's request to file a motion to reconsider.

D.W.F.