February 25, 2004

Michael T. Milligan, Esq.
Quinlivan & Hughes
P.O. Box 1008
St. Cloud, MN 56302

Frank B. Yetka, Esq.
Rudy Gassert Yetka & Pritchett, PA
123 Avenue C
Cloquet, MN 55720

**Re:** ***Christensen Forest Products, Inc. v. Potlatch Corporation***
**Civil No. 02-753 (DWF/RLE)**

Dear Counsel:

I am writing to you in response to the Plaintiff's letter of February 24, 2004, regarding the above-entitled matter.

First, the pre-judgment and post-judgment interest should be calculated using the amount of $1,068,045.40, as referenced in paragraph 8 of the Findings of Fact. Implicit in the Court's decision is that the Plaintiff did not fail to mitigate damages. Second, the Court's decision assumes that the wood will be sold for $625,000. If the wood is not sold for that amount, it is necessarily the case that $625,000 will not be deducted from the total damage amount of $1,068,045.40. If the sale does not go through or the sale goes through for a lesser amount, the only issues that could unfortunately remain are whether the sale was commercially reasonable under the circumstances and whether Plaintiff executed reasonable efforts to mitigate their damages. The Court's decision did not and does not contemplate that Potlatch was to buy the wood.

By way of example, if the testimony had been that there was no buyer willing to pay $625,000 for the wood, then the Plaintiff's obligation would have been and would be to mitigate damages by selling the wood and then that amount of money, whatever that amount turns out to be, would be subtracted from the total judgment of $1,068,045.40. The Court's decision assumed that a firm offer had been made for $625,000 and that the sale was going to go through. If that is not the situation, absent settlement of the case, we hopefully can resolve that issue without further court hearings.

Finally, I think the issues set forth in the Plaintiff's letter of February 24, 2004, provide additional reasons why it would serve the interests of both parties to do their best to settle the matter, with or without the assistance of the Magistrate Judge.

If it is either party's view that issues exist that will require one or both of you, on behalf of your clients, to bring a motion to seek modification of the judgment of the Court, I assume that you will do what you have to do. If the Court can be of further assistance to minimize cost and delay for the benefit of all parties, the Court will make itself available to do so.

Very truly yours,

s/Donovan W. Frank

DONOVAN W. FRANK
Judge of United States District Court

DWF:rlb
c: Magistrate Judge Raymond L. Erickson
Clerk's File